```
UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------
MARTIN J. WALSH, Secretary of Labor,        :
United States Department of Labor,
                                            :
                Plaintiff,                      CONSENT JUDGMENT
        v.                                  :
MACEDO CONSTRUCTION INC.; MACEDO                Civil Action No. 21- 6217(BMC)
CONTRACTING SERVICES, INC.; ODECAM          :
CONCRETE SUPPLY CORP.; and MANUEL
MACEDO, individually,                       :

                Defendants.
------------------------------------------------------------
```

1. Plaintiff, MARTIN J. WALSH, the Secretary of Labor ("Plaintiff"), has filed its Complaint and Defendants MACEDO CONSTRUCTION, INC., MACEDO CONTRACTING SERVICES, INC., ODECAM CONCRETE SUPPLY CORP., and MANUEL MACEDO ("Defendants") appeared by Counsel, waived their answer, and agree to the entry of this Consent Judgment without contest.

2. Defendants agree that they are a covered enterprise under sections 3(r) and 3(s) of the Fair Labor Standards Act of 1938, as amended (29 U.S.C. § 201 *et seq*.) (the "Act" or the "FLSA") and that the provisions of the Act apply to Defendants.

3. Defendants agree that Defendant Manuel Macedo regulated the employment of all persons employed by him and is thus an employer within the meaning of section 3(d) of the Act.

4. Defendants submit to the jurisdiction of this Court over them and over the subject matter of this action. Defendants admit that this Court has the authority to enter and enforce this Order and that this Court is the most appropriate venue for any enforcement action which may be required as a result of this Order.

5. Defendants acknowledge and admit that they violated certain provisions of the Act. Specifically, Defendants acknowledge and admit that between February 9, 2018 through February 6, 2021, certain employees routinely worked in excess of 40 hours per week without receiving additional premium pay for overtime hours.

6. Defendants further acknowledge and admit that between February 9, 2018 through February 6, 2021, they did not make, keep and preserve all records of wages, hours, and other conditions and practices of employment maintained by them as required by sections 11(c) and 15(a)(5) of the Act, and as prescribed by the regulations found in 29 C.F.R. Part 516 that are issued, and from time to time amended, pursuant to section 11(c) of the Act.

7. By executing this Consent Judgment, Defendants waive formal service of process of the summons and complaint. Defendants acknowledge that they have notice of, and understand, the provisions of this Consent Judgment, and acknowledge their responsibilities pursuant to this Consent Judgment, and acknowledge that they will be subject to sanctions in contempt of this Court and may be subject to punitive damages if they fail to comply with the provisions of this Consent Judgment. This Consent Judgment hereby resolves all remaining claims in this matter.

It is, therefore, upon motion of the attorneys for Plaintiff and for cause shown ORDERED that:

I. Defendants, their officers, employees, agents, and all persons acting or claiming to act in Defendants' behalf and interest, be, and hereby are, permanently enjoined and restrained from violating the provisions of sections 7, 11(c), 15(a)(2), 15(a)(3), and 15(a)(5) of the Fair Labor Standards Act of 1938, as amended (29 U.S.C. § 201 et seq.) ("the Act"), in any of the following manners:

(1) Defendants shall not, contrary to section 7 of the Act, employ any of their non-

exempt employees in any workweek for workweeks longer than the hours now, or which in the future become, applicable under sections 7 and 15(a)(2) of the Act, unless the employees receive compensation for their employment in excess of the prescribed hours at rates not less than one and one-half times the employees' regular rates.

(2) Defendants shall make, keep, and preserve adequate records of their employees and of the wages, hours, and other conditions and practices of employment maintained by them as prescribed by the Regulations issued pursuant to section 11(c) of the Act and found at 29 C.F.R. Part 516.

(3) Defendants shall not discharge or take any retaliatory action against any employee because the employee engages in, or is believed to have engaged in, any of the following activities:

    a. Discloses, protests, or threatens to disclose or protest to a supervisor or to a public agency any activity, policy, or practice of Defendants or another employer with whom there is a business relationship, that the employee reasonably believes is in violation of the Act or a rule or regulation promulgated pursuant to the Act;

    b. Provides information to, or testifies before, any public agency or entity conducting an investigation, hearing or inquiry into any alleged violation of the Act, or a rule or regulation promulgated pursuant to the Act, by Defendants or another employer with whom there is a business relationship; or

    c. Objects to, or refuses to participate in any activity, policy or practice which

the employee reasonably believes is in violation of the Act or a rule or regulation promulgated pursuant to the Act.

II. Upon the parties agreement that unpaid overtime back wages are owed and shall be paid to the employees listed in the attached Exhibit A in the amount of **$490,498.60**, plus an equal additional amount of liquidated damages of **$490,498.60**, post-judgment interest in the amount of **$6,594.29**, and Civil Money Penalties in the amount of **$52,346.25**, plus post-judgment interest in the amount of **$903.51**, for a total amount of **$1,040,841.25**, it is:

ORDERED that Defendants and all persons acting on their behalf are enjoined and restrained from withholding the payment of **$490,498.60** in unpaid overtime back wages due Defendants' current and former employees listed in Exhibit A. Further, Defendants shall pay a total of **$490,498.60** in liquidated damages, plus **$6,594.29** in post-judgment interest due Defendants' employees listed in Exhibit A, and **$52,346.25** in Civil Money Penalties plus **$903.51** in post-judgment interest to the Plaintiff. These payments shall be made by Defendants in accordance with Paragraph III of this Consent Judgment.

III. The provisions of this Consent Judgment relative to back wage payments, liquidated damages, post-judgment interest, and Civil Money Penalties shall be deemed satisfied when Defendants fully comply with the terms of payment set forth below and on the attached Exhibit B. Payment of the monies owed shall be made beginning with a down payment of **$150,000.00** made on or about **November 15, 2021**. The remaining balance of **$890,841.25** shall be made in nineteen (19) monthly installment payments according to Exhibit B. All payments shall be paid by Defendants by credit card, debit card, or bank account transfer by going to www.pay.gov and completing the following steps:

A. For electronic payment of the back wages, liquidated damages, and post-judgment

interest totaling **$987,591.49**, Defendants shall follow the following instructions:

    1.    Go to www.pay.gov and click on the "Find an Agency" tab, then click on the letter "L" and then click on "Labor (DOL): Wage and Hour Division (WHD)."

    2.    Click on the "Continue to the Form" tab under "**WHD Back Wage Payment Form – Northeast Region**".

    3.    Click on "Continue the Form" and complete the required fields. For "BW Case Number" enter "**1897401**". The "Date of Assessment" is the date this Consent Judgment is approved by the Court.

    B.    For electronic payment of the Civil Money Penalties and post-judgment interest in the amount of **$53,249.76**, Defendants shall follow the following instructions:

    1.    Go to www.pay.gov and click on the "Find an Agency" tab, then click on the letter "L" and then click on "Labor (DOL): Wage and Hour Division (WHD)."

    2.    Scroll down and click on the "Continue to the Form" tab under "**WHD Civil Money Payment Form – Northeast Region**".

    3.    Click on "Continue the Form" and complete the required fields. For "CMP Case Number" enter "**1897401**". The "Date of Assessment" is the date this Consent Judgment is approved by the Court.

    IV.    The Secretary shall distribute Defendants' payments for back wages, liquidated damages, and post-judgment interest less any legal deductions to the former and current employees, or to their estates, as set forth in Exhibit A. Any sums not distributed within a period of three years from the date of receipt shall, pursuant to section 16(c) of the Act, be covered into the Treasury of the United States as miscellaneous receipts. Defendants remain responsible for

paying the employer's share of any applicable taxes to the appropriate state and federal revenue authorities.

V. Defendants, and anyone acting on their behalf, shall not in any way directly or indirectly demand, require or accept any of the back wages, liquidated damages, interest, or Civil Money Penalties from any person listed in Exhibit A or from their personal representatives or estates. Defendants, and anyone acting on their behalf, shall not threaten or imply that adverse action will be taken against any person because of his or her receipt of funds due under the provisions of this Consent Judgment or the Act. Violation of this Paragraph V may subject Defendants to equitable and legal damages, including punitive damages and civil contempt.

VI. Defendants shall assist the Plaintiff in the distribution of the back wages, liquidated damages, and interest due by providing the last known addresses and social security numbers, if such is available, of the current and former employees listed in Exhibit A.

VII. If Defendants fail to make any of the payments as set forth in Paragraph III, a seven calendar-day grace period shall be allowed for receipt of such payment. If the U.S. Department of Labor does not receive the payments by the eighth calendar-day after which they are due, the U.S. Department of Labor's representatives will notify Defendants through their attorney, Matthew Cohen, Esq. Defendants are responsible for timely notifying the U.S. Department of Labor of any change in the identity or contact information of their attorney. If the U.S. Department of Labor does not receive payment within 10 days of notifying Defendants' attorney of an overdue payment, then the total amount due under this Judgment of **$1,040,841.25**, less any amounts already received by the Secretary pursuant to this Judgment, shall become due immediately and the Court shall appoint a Receiver to effectuate all of the terms of this Consent Judgment. In the event a Receiver is appointed, it is ORDERED that:

(1) Defendants shall cooperate with the Receiver in all respects, and shall provide to the Receiver any and all reasonable information which the Receiver may require to carry out its appointment and in accordance with the authority given to the Receiver pursuant to applicable law at the time of appointment.

(2) All the expenses of the accountant or Receiver shall be borne solely by Defendants.

(3) The Receiver shall serve only until the monetary terms of Paragraph III of this Consent Judgment are satisfied.

(4) The Receiver shall have full authority to: collect Defendants' assets and report his/her findings to the Court and the parties; to redeem and/or liquidate Defendants' assets and turn over the proceeds to the Secretary; if the asset is a debt that is due, collect it and turn over the proceeds to the Secretary; to analyze all indebtedness and where deemed appropriate seek restructuring; to analyze all transfers of Defendants' assets; to prevent waste or fraud; and to do all acts and take all measures necessary or proper for the efficient performance of the duties under this Consent Judgment.

VIII. ORDERED that Defendants shall distribute a copy of the attached Exhibit C in English and Spanish to each current employee within 20 calendar days of the date of entry of this Consent Judgment.

IX. Neither the commencement of this action nor the provisions of this Consent Judgment shall in any way affect, determine, or prejudice any and all legal rights of any employees not listed in Exhibit A of this Consent Judgment, be they current or former employees, to file any action against Defendants under section 16(b) of the Act or likewise for any current or former employee listed in Exhibit A of this Consent Judgment to file any action against Defendants under

section 16(b) of the Act for violations alleged to have occurred after February 6, 2021.

X.      Each party will bear its own fees and other expenses incurred by such party in connection with any stage of this proceeding.

XI.     The Court retains jurisdiction over this matter for the purposes of enforcing this Consent Judgment.

DATED:   November 10 , 2021

Brooklyn , NY

SO ORDERED:

Digitally signed by Brian M. Cogan

HONORABLE Brian M. Cogan
UNITED STATES DISTRICT JUDGE

Defendants appeared by the undersigned counsel and waived their answer and any defense to the Complaint, and consent to the entry of this Judgment.

BY: _____
MACEDO CONSTRUCTION, INC.
By: MANUEL MACEDO, Owner

_____
MACEDO CONTRACTING SERVICES, INC.
By: MANUEL MACEDO, Owner

_____
ODECAM CONCRETE SUPPLY CORP.
By: MANUEL MACEDO, Owner

_____
MANUEL MACEDO, Individually

_____  11/8/21
MATTHEW COHEN, ESQ.
Kaufman Dolowich Voluck
135 Crossways Park Drive, Suite 201
Woodbury, NY 11797
Telephone: 516-283-8754
Email: mcohen@kdvlaw.com

Attorney for Defendants

STATE OF NEW YORK )
                    :SS:
COUNTY OF Suffolk )

On the 7 day of ~~October~~ November, 2021 before me came **MANUEL MACEDO**, to me known, who, being by me duly sworn, did depose and say that he is a duly authorized officer of **MACEDO CONSTRUCTION, INC.**, described in and which executed the foregoing instrument, that he signed his name thereto by like order.

NOTARY PUBLIC

CHEYENNE A KEELAN
Notary Public - State of New York
NO. 01KE6396745
Qualified in Suffolk County
My Commission Expires Aug 26, 2023

STATE OF NEW YORK )
                    :SS:
COUNTY OF Suffolk )

On the 7 day of ~~October~~ November, 2021 before me came **MANUEL MACEDO**, to me known, who, being by me duly sworn, did depose and say that he is a duly authorized officer of **MACEDO CONTRACTING SERVICES, INC.**, described in and which executed the foregoing instrument, that he signed his name thereto by like order.

NOTARY PUBLIC

CHEYENNE A KEELAN
Notary Public - State of New York
NO. 01KE6396745
Qualified in Suffolk County
My Commission Expires Aug 26, 2023

STATE OF NEW YORK )

COUNTY OF Suffolk ) :SS:

On the 7 day of ~~October~~ November, 2021 before me came **MANUEL MACEDO**, to me known, who, being by me duly sworn, did depose and say that he is a duly authorized officer of **ODECAM CONCRETE SUPPLY CORP.**, described in and which executed the foregoing instrument, that he signed his name thereto by like order.

_____
NOTARY PUBLIC

CHEYENNE A KEELAN
Notary Public - State of New York
NO. 01KE6396745
Qualified in Suffolk County
My Commission Expires Aug 26, 2023

STATE OF NEW YORK )

COUNTY OF Suffolk ) :SS:

On the 7 day of ~~October~~ November, 2021 before me came **MANUEL MACEDO**, to me known and known to me to be the individual described in and who executed the foregoing instrument and he duly acknowledged to me that he executed the same.

_____
NOTARY PUBLIC

CHEYENNE A KEELAN
Notary Public - State of New York
NO. 01KE6396745
Qualified in Suffolk County
My Commission Expires Aug 26, 2023

11

## EXHIBIT A

| First Name | Last Name | Back Wages Due | Liquidated Damages Due | Interest Due | Total Due |
|---|---|---|---|---|---|
| Mario | Agustin | $ 270.00 | $ 270.00 | $ 1.31 | $ 541.31 |
| Felix | Alas | $ 652.50 | $ 652.50 | $ 3.15 | $ 1,308.15 |
| Diego | Alas Gomez | $ 12,333.27 | $ 12,333.27 | $ 59.76 | $ 24,726.30 |
| Roberto | Alcantar | $ 230.00 | $ 230.00 | $ 1.11 | $ 461.11 |
| Manuel | Alcantara | $ 96.00 | $ 96.00 | $ 0.48 | $ 192.48 |
| Jaime | Alicea | $ 803.00 | $ 803.00 | $ 3.89 | $ 1,609.89 |
| Rodrigo | Alvarado | $ 1,249.50 | $ 1,249.50 | $ 6.06 | $ 2,505.06 |
| Ulises | Argueta | $ 8,365.00 | $ 8,365.00 | $ 40.53 | $ 16,770.53 |
| Antonio | Arriaza | $ 648.00 | $ 648.00 | $ 3.14 | $ 1,299.14 |
| Amaury | Baez | $ 6,169.00 | $ 6,169.00 | $ 29.89 | $ 12,367.89 |
| Jose | Balbuca-Condo | $ 9,052.50 | $ 9,052.50 | $ 43.86 | $ 18,148.86 |
| Helmer | Brightley | $ 243.00 | $ 243.00 | $ 1.17 | $ 487.17 |
| Valentine | Campbell | $ 178.50 | $ 178.50 | $ 0.86 | $ 357.86 |
| Alberto | Casas Corea | $ 1,720.93 | $ 1,720.93 | $ 8.33 | $ 3,450.19 |
| Jose | Casas Leon | $ 17,909.53 | $ 17,909.53 | $ 86.77 | $ 35,905.83 |
| Marcos | Castillo | $ 756.25 | $ 756.25 | $ 3.69 | $ 1,516.19 |
| Carlos | Castillo Mendoza | $ 10,494.70 | $ 10,494.70 | $ 50.86 | $ 21,040.26 |
| Francisco | Correa | $ 3,169.00 | $ 3,169.00 | $ 15.36 | $ 6,353.36 |
| Pedro | Correa Rodriguez | $ 15,005.50 | $ 15,005.50 | $ 72.73 | $ 30,083.73 |
| Henrik | Cruz | $ 103.50 | $ 103.50 | $ 0.50 | $ 207.50 |
| Theodore | Cubillos | $ 693.00 | $ 693.00 | $ 3.35 | $ 1,389.35 |
| Frank | Deblanco | $ 748.00 | $ 748.00 | $ 3.62 | $ 1,499.62 |
| Santiago | Delgado | $ 3,610.50 | $ 3,610.50 | $ 17.49 | $ 7,238.49 |
| Guillermo | Delgado Vega | $ 4,328.15 | $ 4,328.15 | $ 20.99 | $ 8,677.29 |
| Jose | DePaz Vasquez | $ 1,510.50 | $ 1,510.50 | $ 7.32 | $ 3,028.32 |
| Francisco | Diaz | $ 1,798.08 | $ 1,798.08 | $ 8.71 | $ 3,604.87 |
| Michael | Digregorio | $ 8,563.10 | $ 8,563.10 | $ 41.51 | $ 17,167.71 |
| Carlos | Encarnacion | $ 50.00 | $ 50.00 | $ 0.25 | $ 100.25 |
| Yatzon | Flores | $ 793.00 | $ 793.00 | $ 3.85 | $ 1,589.85 |
| Jean | Foronda-Martinez | $ 209.00 | $ 209.00 | $ 1.02 | $ 419.02 |
| Edwin | Gamez | $ 8,806.61 | $ 8,806.61 | $ 42.69 | $ 17,655.91 |
| Jose | Garcia | $ 4,412.00 | $ 4,412.00 | $ 21.38 | $ 8,845.38 |
| Antonio | Gevara | $ 15,666.69 | $ 15,666.69 | $ 178.10 | $ 31,511.48 |
| Eduer | Gonzalez | $ 11,635.39 | $ 11,635.39 | $ 232.16 | $ 23,502.94 |
| Santos | Gonzalez | $ 11,007.88 | $ 11,007.88 | $ 219.64 | $ 22,235.40 |
| Christopher | Guadalupe | $ 66.00 | $ 66.00 | $ 1.33 | $ 133.33 |
| Reynaldo | Gutierrez Mejia | $ 144.00 | $ 144.00 | $ 2.87 | $ 290.87 |
| Liam | Hendricks | $ 256.50 | $ 256.50 | $ 5.10 | $ 518.10 |

| First | Last | | Amount | | Amount | | Interest | | Total |
|---|---|---|---|---|---|---|---|---|---|
| Felix | Hernandez | $ | 14,304.37 | $ | 14,304.37 | $ | 281.48 | $ | 28,890.22 |
| Luis | Hernandez | $ | 385.00 | $ | 385.00 | $ | 7.34 | $ | 777.34 |
| Miguel | Hernandez | $ | 4,186.00 | $ | 4,186.00 | $ | 79.98 | $ | 8,451.98 |
| Rodolfo | Hernandez | $ | 1,440.00 | $ | 1,440.00 | $ | 27.51 | $ | 2,907.51 |
| Miguel | Hernandez Escobar | $ | 6,321.61 | $ | 6,321.61 | $ | 126.13 | $ | 12,769.35 |
| Juan | Hernandez Nunez | $ | 160.00 | $ | 160.00 | $ | 3.06 | $ | 323.06 |
| Osmar | Jiron Lara | $ | 1,875.00 | $ | 1,875.00 | $ | 35.83 | $ | 3,785.83 |
| Mateo | Landa | $ | 4,750.00 | $ | 4,750.00 | $ | 90.76 | $ | 9,590.76 |
| Steve | Lannon | $ | 1,118.00 | $ | 1,118.00 | $ | 21.35 | $ | 2,257.35 |
| Jose | Leon | $ | 39,300.46 | $ | 39,300.46 | $ | 735.86 | $ | 79,336.78 |
| Juan | Leon | $ | 1,357.88 | $ | 1,357.88 | $ | 24.81 | $ | 2,740.57 |
| Guillermo | Leon Casas | $ | 5,890.28 | $ | 5,890.28 | $ | 112.55 | $ | 11,893.11 |
| Jose | Leon Landin | $ | 530.00 | $ | 530.00 | $ | 9.68 | $ | 1,069.68 |
| Rodolfo | Leon Salinas | $ | 6,126.00 | $ | 6,126.00 | $ | 111.88 | $ | 12,363.88 |
| Manuel | Lopez | $ | 4,477.00 | $ | 4,477.00 | $ | 81.76 | $ | 9,035.76 |
| Edwin | Lopez Aviles | $ | 896.50 | $ | 896.50 | $ | 16.36 | $ | 1,809.36 |
| Jonas | Marquez Martinez | $ | 4,312.19 | $ | 4,312.19 | $ | 78.76 | $ | 8,703.14 |
| Amilcar | Martinez | $ | 16,165.21 | $ | 16,165.21 | $ | 290.30 | $ | 32,620.72 |
| Luis | Martinez Palencia | $ | 252.00 | $ | 252.00 | $ | 4.40 | $ | 508.40 |
| Gerson | Mata | $ | 4,958.25 | $ | 4,958.25 | $ | 86.35 | $ | 10,002.85 |
| Marvin | Mazariegos | $ | 1,125.00 | $ | 1,125.00 | $ | 19.61 | $ | 2,269.61 |
| Alfonso | Medrano | $ | 102.50 | $ | 102.50 | $ | 1.78 | $ | 206.78 |
| Nicolas | Mendoza | $ | 10,850.25 | $ | 10,850.25 | $ | 189.00 | $ | 21,889.50 |
| Marvin | Mendoza Salinas | $ | 5,625.50 | $ | 5,625.50 | $ | 97.99 | $ | 11,348.99 |
| Daniel | Mesquita | $ | 286.00 | $ | 286.00 | $ | 5.00 | $ | 577.00 |
| Joseph | Modesto | $ | 150.00 | $ | 150.00 | $ | 2.62 | $ | 302.62 |
| Luis | Molina | $ | 5,870.02 | $ | 5,870.02 | $ | 102.25 | $ | 11,842.29 |
| Joel | Moreno Munguia | $ | 5,399.13 | $ | 5,399.13 | $ | 93.66 | $ | 10,891.92 |
| Raul | Moreno-Hernandez | $ | 5,969.01 | $ | 5,969.01 | $ | 103.96 | $ | 12,041.98 |
| Alan | Naut | $ | 2,495.50 | $ | 2,495.50 | $ | 41.36 | $ | 5,032.36 |
| Enrique | Olan Deli | $ | 13,856.79 | $ | 13,856.79 | $ | 229.67 | $ | 27,943.25 |
| Elmer | Orellana | $ | 454.00 | $ | 454.00 | $ | 7.53 | $ | 915.53 |
| Israel | Ortega | $ | 1,040.00 | $ | 1,040.00 | $ | 17.24 | $ | 2,097.24 |
| Reinaldo | Paez Fernandez | $ | 1,733.50 | $ | 1,733.50 | $ | 28.73 | $ | 3,495.73 |
| Manuel | Paz | $ | 9,746.12 | $ | 9,746.12 | $ | 161.56 | $ | 19,653.80 |
| Alan | Paz Reyes | $ | 46.75 | $ | 46.75 | $ | 0.77 | $ | 94.27 |
| Juan | Perez | $ | 275.00 | $ | 275.00 | $ | 4.56 | $ | 554.56 |
| Juan | Perez Nunez | $ | 80.00 | $ | 80.00 | $ | 1.33 | $ | 161.33 |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| Manuel | Pimentel | $ | 8,321.75 | $ | 8,321.75 | $ | 137.95 | $ | 16,781.45 |
| Omar | Portillo | $ | 229.50 | $ | 229.50 | $ | 3.80 | $ | 462.80 |
| Juan | Quintanilla | $ | 12,846.75 | $ | 12,846.75 | $ | 202.93 | $ | 25,896.43 |
| Wilfredo | Quintanilla | $ | 6,300.27 | $ | 6,300.27 | $ | 104.43 | $ | 12,704.97 |
| Juan | Quintanilla Morales | $ | 4,347.96 | $ | 4,347.96 | $ | 68.41 | $ | 8,764.33 |
| Francisco | Reyes | $ | 455.00 | $ | 455.00 | $ | 7.16 | $ | 917.16 |
| Pedro | Rodriguez | $ | 1,516.50 | $ | 1,516.50 | $ | 23.87 | $ | 3,056.87 |
| Cristofer | Rodriguez Solis | $ | 972.00 | $ | 972.00 | $ | 15.29 | $ | 1,959.29 |
| Rodrigo | Saldana | $ | 4,027.50 | $ | 4,027.50 | $ | 63.36 | $ | 8,118.36 |
| Hector | Saldana Espinosa | $ | 11,732.92 | $ | 11,732.92 | $ | 184.59 | $ | 23,650.43 |
| Yago | Sanchez | $ | 3,665.00 | $ | 3,665.00 | $ | 57.67 | $ | 7,387.67 |
| Jesus | Santana | $ | 3,136.58 | $ | 3,136.58 | $ | 49.36 | $ | 6,322.52 |
| Anthony | Sinatra | $ | 3,909.35 | $ | 3,909.35 | $ | 61.51 | $ | 7,880.21 |
| Eli | Soto Cove | $ | 1,694.00 | $ | 1,694.00 | $ | 25.55 | $ | 3,413.55 |
| Narciso | Tineo | $ | 16,125.27 | $ | 16,125.27 | $ | 78.15 | $ | 32,328.69 |
| Jairo | Torrez Romero | $ | 1,674.03 | $ | 1,674.03 | $ | 24.93 | $ | 3,372.99 |
| Rogelio | Trejo | $ | 2,200.00 | $ | 2,200.00 | $ | 32.76 | $ | 4,432.76 |
| Rogelio | Trejo-Saldana | $ | 40,017.75 | $ | 40,017.75 | $ | 595.96 | $ | 80,631.46 |
| Brian | Vilchez Garcia | $ | 1,468.50 | $ | 1,468.50 | $ | 21.35 | $ | 2,958.35 |
| Ricardo | Villalta | $ | 2,954.69 | $ | 2,954.69 | $ | 41.52 | $ | 5,950.90 |
| Samuel | Villatoro | $ | 3,270.00 | $ | 3,270.00 | $ | 45.95 | $ | 6,585.95 |
| Wilmer | Villatoro | $ | 990.00 | $ | 990.00 | $ | 13.91 | $ | 1,993.91 |
| Gilmer | Zavala | $ | 10,984.38 | $ | 10,984.38 | $ | 154.28 | $ | 22,123.04 |
| **TOTALS** | | $ | 490,498.60 | $ | 490,498.60 | $ 6,594.29 | | $ | 987,591.49 |

## EXHIBIT B

## Payment Schedule

| Date Due | Amount Type | Principal Amount Due | Post-Judgment Interest Due | Total Due |
|---|---|---|---|---|
| 11/15/2021 | Liquidated Damages | $150,000.00 | $0.00 | $150,000.00 |
| 12/15/2021 | Liquidated Damages | $45,840.36 | $692.50 | $46,532.86 |
| 1/15/2022 | Liquidated Damages | $45,878.56 | $654.30 | $46,532.86 |
| 2/15/2022 | Liquidated Damages | $45,916.79 | $616.07 | $46,532.86 |
| 3/15/2022 | Liquidated Damages | $45,955.06 | $577.80 | $46,532.86 |
| 4/15/2022 | Liquidated Damages | $45,993.35 | $539.51 | $46,532.86 |
| 5/15/2022 | Liquidated Damages | $46,031.68 | $501.18 | $46,532.86 |
| 6/15/2022 | Liquidated Damages | $46,070.04 | $462.82 | $46,532.86 |
| 7/15/2022 | Liquidated Damages | $17,812.76 | $165.53 | $17,978.29 |
| 7/15/2022 | Back Wages | $28,295.67 | $258.90 | $28,554.57 |
| 8/15/2022 | Back Wages | $46,146.86 | $386.00 | $46,532.86 |
| 9/15/2022 | Back Wages | $46,185.31 | $347.55 | $46,532.86 |
| 10/15/2022 | Back Wages | $46,223.80 | $309.06 | $46,532.86 |
| 11/15/2022 | Back Wages | $46,262.32 | $270.54 | $46,532.86 |
| 12/15/2022 | Back Wages | $46,300.87 | $231.99 | $46,532.86 |
| 1/15/2023 | Back Wages | $46,339.46 | $193.40 | $46,532.86 |
| 2/15/2023 | Back Wages | $46,378.07 | $154.79 | $46,532.86 |
| 3/15/2023 | Back Wages | $46,416.72 | $116.14 | $46,532.86 |
| 4/15/2023 | Back Wages | $46,455.40 | $77.46 | $46,532.86 |
| 5/15/2023 | Back Wages | $46,494.12 | $38.75 | $46,532.87 |
| 6/15/2023 | Civil Money Penalties | $52,346.25 | $903.51 | $53,249.76 |
| | **TOTALS** | **$1,033,343.45** | **$7,497.80** | **$1,040,841.25** |

## EXHIBIT C
### Aviso a Los Empleados

Macedo Construction, Inc., Macedo Contracting Services, Inc., Odecam Concrete Supply Corp., and Manuel Macedo (en conjunto, los "Demandados") han llegado a un acuerdo con el Departamento de Trabajo de EE. UU. y en un acuerdo de conciliación con respecto a sus empleados. El acuerdo de conciliación ha sido aprobado por un juez.

Según el acuerdo de conciliación, los Demandados pagarán al Departamento de Trabajo de los EE. UU los salarios atrasados y los indemnización de danos y perjuicios para ciertos empleados actuales y ex empleados quienestrabajaron en su tienda desde febrero de 2018 y febrero de 2021, y el Departamento deTrabajo distribuirá los salarios atrasados y los indemnización de danos y perjuicios directamente a los empleados.

Usted tiene derecho a recibir el total de cualquier monto de los salarios atrasados (menos impuestos) y los daños y perjuicios justos que se le deben. Es contra la ley que los Demandadoso cualquier persona que actúe en su nombre soliciten la devolución de este dinero o pedirle que renuncie a su salario actual o futuro para obtener el dinero del acuerdo.

Usted está protegido por la Ley de Normas Laborales Justas (FLSA por sus siglas en ingles), y también es contra la ley que su empleador lo despida, denunciarlo a inmigración, tome represalias en su contra de cualquier manera o lo amenace con hacer cualquiera de estas cosaspor aceptar el dinero del acuerdo o negarse a devolver cualquier dinero que se le haya pagadocomo parte del acuerdo con el Departamento de Trabajo de EE. UU. Su empleador también tiene prohibido de tomar represalias contra usted por proporcionar información alDepartamento de Trabajo de los EE. UU. y/o quejarse por no recibir el salario mínimo o las horas extra por las horas que trabajó. Su empleador debe pagar a los empleados por todas las horas trabajadas, incluidas las horas extras trabajadas sobre 40 en una semana laboral a una tasa de al menos 1,5 veces la tasa de pago regular del empleado.

Si es un empleado y no se le paga por todas sus horas trabajadas, no se le paga el salario mínimopor todas las horas que trabaja, no se le pagan por las horas extras, si se le ha pedido que devuelva el dinero del acuerdo, si se ha tomado represalias contra usted, o si necesita actualizarsu información de contacto, llame al Departamento de Trabajo de EE. UU. al (866) 487-9243.Su nombre se mantendrá confidencial en la máxima medida permitida por la ley.

## Notice to Employees

Macedo Construction, Inc., Macedo Contracting Services, Inc., Odecam Concrete Supply Corp., and Manuel Macedo (together, "Defendants") have settled a lawsuit with the U.S. Department of Labor and entered into a settlement agreement regarding their employees. The settlement agreement has been approved by a judge.

Under the settlement agreement, Defendants will pay the U.S. Department of Labor back wages and liquidated damages for certain current and former employees who worked for them between February 2018 and February 2021, and the Department of Labor will distribute the back wages and liquidated damages directly to the employees.

You have the right to receive the full amount of any back wages (after taxes) and liquidated damages you are owed. It is against the law for Defendants or any person acting on their behalf to ask for this money back or ask you to give up your current or future wages to get money from the settlement.

You are protected by the Fair Labor Standards Act (FLSA), and it is also against the law for your employer to fire you, report you to immigration, retaliate against you in any way, or threaten to do any of these things for accepting settlement money or refusing to return any money paid to you as part of the settlement with the U.S. Department of Labor. Your employer is also prohibited from retaliating against you for providing information to the U.S. Department of Labor and/or complaining about not receiving minimum wage or overtime for the hours that you worked. Your employer must pay employees for all hours worked, including overtime for all hours worked over 40 in a workweek at a rate of at least 1.5 times the employee's regular rate of pay.

If you are an employee and are not paid for all of your hours worked, are not paid minimum wage for all the hours you work, are not paid overtime, if you have been asked to return your settlement money, if you have been retaliated against, or if you need to update your contact information, please call the U.S. Department of Labor at (866) 487-9243. Your name will be kept confidential to the maximum extent permitted by law.